UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| BENJAMIN PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No: |
| | ) |
| IMPERIAL LANDSCAPES, INC. | ) |
| and BRIAN WHITMORE, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), Plaintiff files this lawsuit against Defendants and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant Imperial Landscapes, Inc. ("Imperial") is a Georgia corporation authorized to do business in the State of Georgia. Its principal office address is 429 Georgia Highway 2, Tunnel Hill, Georgia, 30755. Its registered agent for service of process is Brian Whitmore, 910 Georgia Highway 2, Tunnel Hill, Georgia, 30755.

3. Defendant Brian Whitmore is a shareholder and the chief executive

officer of Defendant Imperial, has operational control of the company, and makes the decisions about how Imperial's employees are compensated.

4. Defendant provides landscaping and lawn care services to its customers in the North Georgia and Chattanooga areas.

5. Plaintiff was employed by Defendant Imperial from approximately August of 2015 through August of 2016. Plaintiff performed lawn care duties such as mowing and trimming the yards of Defendant's customers.

6. While Plaintiff was employed at Imperial, each Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

7. While Plaintiff was employed at Imperial, Plaintiff was an "employee" of each Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years and within two years preceding the filing of this lawsuit.

8. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

9. While he was employed at Imperial, Defendants were required to pay Plaintiff at least the minimum wage for the first 40 hours he worked each week, pursuant to Section 206 of the FLSA.

10. During certain workweeks while he was employed at Imperial,

Defendants failed to pay Plaintiff at least the minimum wage for the first 40 hours of work as required by Section 206 of the FLSA.

11. Plaintiff was entitled to overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

12. While he was employed at Imperial, Plaintiff worked more than 40 hours during certain workweeks, but was not paid overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked over 40 as required by Section 207 of the FLSA.

13. Defendants' violations of Sections 206 and 207 of the FLSA were willful. Specifically, Defendants were well aware of their obligation to pay Plaintiff the minimum wage and overtime wages pursuant to the FLSA, or recklessly disregarded their legal obligations.

14. As a result of Defendants' failure to comply with Section 206 of the FLSA, Defendants are liable to Plaintiff for minimum wage back pay.

15. As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are liable to Plaintiff for overtime back pay.

16. In addition to the amount of unpaid wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29

U.S.C. Section 216(b).

17.     Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. Section 216(b).

WHEREFORE, Plaintiff prays for a judgment against Defendants for damages that include the following:

(a) Minimum wage back pay;

(a) Overtime back pay;

(b) Liquidated damages in an amount equal to his minimum wage and overtime back pay;

(c) Reasonable attorney's fees;

(d) The costs and expenses of this action; and

(e) All further general legal and equitable relief to which he may be entitled.

                          Respectfully submitted,

                          /s/ R. Scott Jackson, Jr.
                          R. Scott Jackson, Jr.
                          GA Bar #387630
                          4525 Harding Road, Suite 200
                          Nashville, Tennessee 37205
                          (615) 313-8188
                          Facsimile: 615-313-8702
                          rsjackson@rsjacksonlaw.com

John McCown
GA Bar #486002
Warren & Griffin, P.C.
513 Benjamin Way, Suite 208
Dalton, GA 30721
(423) 265-4878
Facsimile: 706-529-3890
johnmccown@gmail.com

Attorneys for Plaintiff